# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

ETHEL ANDERSON, WANDA
MEADOWS, JACQUELINE
LUONGO, JENNIFER JOHNSON
and VIRGINIA CROWLEY,

     Plaintiffs,

v.

                           **CASE NO.:**  5:24-CV-00089-WFJ-PRL

CENTURION OF FLORIDA, LLC, an
out-of- state corporation registered and
doing business in Florida; and ADER
BENOIT, in his individual capacity,

     Defendants.

_____/

## DEFENDANT, CENTURION OF FLORIDA, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Centurion of Florida, LLC, ("Centurion"), hereby responds to Plaintiffs'

First Amended Complaint (Doc. 5) as follows:

## PRELIMINARY STATEMENT

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted that Plaintiffs have brought this action against Defendant Benoit,

otherwise denied.

7.      Denied.

## JURISDICTION AND VENUE

8.      Admitted for the purposes of jurisdiction only.  Otherwise denied.

9.      Admitted for the purposes of jurisdiction only.  Otherwise denied.

10.     Unknown and therefore denied.

## VENUE

11.     Admitted for the purposes of jurisdiction only.  Otherwise denied.

## PARTIES

### *Plaintiffs*

12.     Admitted that the Plaintiff was incarcerated within the Florida Department of Corrections. Otherwise unknown and therefore denied.

13.     Admitted that the Plaintiff was incarcerated within the Florida Department of Corrections. Otherwise unknown and therefore denied.

14.     Admitted that the Plaintiff was incarcerated within the Florida Department of Corrections. Otherwise unknown and therefore denied.

15.     Admitted that the Plaintiff was incarcerated within the Florida Department of Corrections. Otherwise unknown and therefore denied.

16.     Admitted that the Plaintiff was incarcerated within the Florida Department of Corrections. Otherwise unknown and therefore denied.

17.     Denied.

*Defendants*

18.     Admitted that Centurion is contracted with the Florida Department of Corrections to provide medical care to incarcerated individuals at specified institutions, including Lowell Correctional Institution.

19.     Admitted that Defendant is a medical doctor contracted by Centurion to provide medical care, otherwise denied as phrased.

20.     Denied as phrased.

## FACTUAL ALLEGATIONS

### *Lowell CI*

21.     Unknown and therefore denied.

22.     Unknown and therefore denied.

23.     Unknown and therefore denied.

24.     Unknown and therefore denied.

25.     Admitted that Centurion providers follow the policies and procedures of the Florida Department of Corrections.

26.     Denied as an incomplete summary of the facts.

27.     Denied as an incomplete summary of the facts.

28.     Denied as an incomplete summary of the facts.

29.     Denied as an incomplete summary of the facts.

30.     Denied as an incomplete summary of the facts.

31.     Denied as an incomplete summary of the facts.

32.     Denied as an incomplete summary of the facts.

33. Denied as an incomplete summary of the facts.

34. Denied as an incomplete summary of the facts.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Without knowledge, therefore denied.

43. Denied.

44. Without knowledge, therefore denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied as an incomplete summary of the medical care and facts.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied, as phrased.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## CLAIMS FOR RELIEF

## COUNT I
### (All Plaintiffs against Centurion)
### *42 U.S.C. § 1983; Eighth Amendment*

104.    Defendant reasserts and realleges Paragraphs 1 through 103 above.

105.    Denied.

106.    Denied, as phrased.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

## COUNT II
### (Plaintiff Ethel Anderson against Ader Benoit)
### *42 U.S.C. § 1983; Eighth Amendment*

122. Defendant reasserts and realleges Paragraphs 1 through 103 above.

123-133. This count is not directed towards Defendant Centurion therefore a response is not required. To the extent a response is deemed necessary, the allegations are denied, or denied for lack of knowledge.

## COUNT III
### (Plaintiff Wanda Meadows against Ader Benoit)
### *42 U.S.C. § 1983; Eighth Amendment*

134. Defendant reasserts and realleges Paragraphs 1 through 103 above.

135-144. This count is not directed towards Defendant Centurion therefore a response is not required. To the extent a response is deemed necessary, the allegations are denied, or denied for lack of knowledge.

## COUNT IV
### (Plaintiff Jacqueline Luongo against Ader Benoit)
### *42 U.S.C. § 1983; Eighth Amendment*

145. Defendant reasserts and realleges Paragraphs 1 through 103 above.

146-156. This count is not directed towards Defendant Centurion therefore a response is not required. To the extent a response is deemed necessary, the allegations are denied, or denied for lack of knowledge.

## COUNT V
### (Plaintiff Jennifer Johnson against Ader Benoit)
*42 U.S.C. § 1983; Eighth Amendment*

157. Defendant reasserts and realleges Paragraphs 1 through 103 above.

158-166. This count is not directed towards Defendant Centurion therefore a response is not required. To the extent a response is deemed necessary, the allegations are denied, or denied for lack of knowledge.

## COUNT VI
### (Plaintiff Virginia Crowley against Ader Benoit)
*42 U.S.C. § 1983; Eighth Amendment*

167. Defendant reasserts and realleges Paragraphs 1 through 103 above.

168-178. This count is not directed towards Defendant Centurion therefore a response is not required. To the extent a response is deemed necessary, the allegations are denied, or denied for lack of knowledge.

## REQUEST FOR RELIEF

Denied, including each subpart.

## **DEMAND FOR JURY TRIAL**

**WHEREFORE**, Defendant, Centurion, demands trial by jury, judgment in their favor, the award of prevailing party attorneys' fees and costs, and other relief as this Court deems fair and just.

## AFFIRMATIVE DEFENSES

Defendant Centurion of Florida, LLC, having answered the First Amended Complaint herein, hereby list the following as their Affirmative Defenses thereto and affirmatively allege:

1. Plaintiffs have failed to state a claim for which relief may be granted. Plaintiff's allegations fail to demonstrate Centurion had a custom or policy that constituted deliberate indifference.

2. Plaintiffs Ethel Anderson, Jacqueline Luongo, and Virginia Crowley failed to timely exhaust their administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

3. Plaintiffs failed to adhere to the four year statute of limitations as outlined under § 95.11(3), Florida Statutes. *See*, *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

4. Any injury to Plaintiffs was caused wholly or in part by the Plaintiffs own acts, omissions, failures to care for herself, or illegal or wrongful conduct.

5. Plaintiffs have failed to mitigate their damages.

6. Plaintiffs First Amended Complaint fails to set forth a claim for punitive damages against Centurion upon which relief may be granted.

7. Defendant is entitled to a set-off of all amounts paid by any collateral source providers.

<center>**CERTIFICATE OF SERVICE**</center>

**I HEREBY CERTIFY** that on July 31, 2024, I certify that I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice

of Electronic Filing to counsel of record.

<div style="margin-left: 45%;">

/s/ Ethen R. Shapiro

Ethen R. Shapiro (FBN 669881)
Rachel E. Eilers (FBN 1019587)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 – facsimile
Ethen.Shapiro@hwhlaw.com
Rachel.Eilers@hwhlaw.com
*Attorneys for Defendant Centurion of Florida, LLC*

</div>