116104-5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ETHEL ANDERSON, WANDA
MEADOWS, JACQUELINE
LUONGO, JENNIFER                    CASE NO. 5:24-CV-00089-WFJ-PRL
JOHNSON and VIRGINIA
CROWLEY,

        Plaintiffs,

vs.

CENTURION OF FLORIDA,
LLC, an out-of-state corporation
registered and doing business in
Florida; and ADER BENOIT, in
his individual capacity,

        Defendant.

_____/

## DEFENDANT ADER BENOIT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ader Benoit, MD, by and through the undersigned attorneys, files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Doc. 5).

1.    Denied.

2.    The report cited in this paragraph speaks for itself and is not an allegation that requires a response. To the extent any of the content of this paragraph can be construed as an allegation against this Defendant, Denied.

3. This allegation is not directed towards this Defendant, and so no response is required. To the extent the allegation can be construed against this Defendant, denied.

4. This allegation is not directed towards this Defendant, and so no response is required. To the extent the allegation can be construed against this Defendant, denied.

5. This allegation is not directed towards this Defendant, and so no response is required. To the extent the allegation can be construed against this Defendant, denied.

6. Admitted that Plaintiffs have brought an action against this Defendant; denied that the action is meritorious or that Plaintiffs are entitled to any relief; and otherwise denied.

7. Admitted that Plaintiffs seek relief; denied that Plaintiffs are entitled to any relief; and otherwise denied.

<u>JURISDICTION AND VENUE</u>

8. Admitted that Plaintiffs purport to bring claims under 42 U.S.C. § 1983; denied that the claims have merit; and otherwise denied.

9. Admitted for jurisdictional purposes only.

10. Admitted that Plaintiffs seek relief; denied that Plaintiffs are entitled to any relief; and otherwise denied.

11. Admitted for venue purposes only.

PARTIES

12. Not known; therefore, denied.

13. Not known; therefore, denied.

14. Not known; therefore, denied.

15. Not known; therefore, denied.

16. Not known; therefore, denied.

17. Not known; therefore, denied.

18. Not known; therefore, denied.

19. Admitted that this Defendant is a licensed medical doctor in the State of Florida; otherwise, denied.

20. Denied.

FACTUAL ALLEGATIONS

21. Not known; therefore, denied.

22. Not known; therefore, denied.

23. Admitted that Lowell Correctional Institution is operated by the Florida Department of Corrections; otherwise, denied as phrased.

24. Denied as phrased.

25. Not known; therefore, denied.

26. This paragraph purports to summarize statutory and regulatory language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

27. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

28. Not known; therefore, denied.

29. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

30. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

31. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

32. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

33. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

34. This paragraph purports to summarize FDC policy language that speaks for itself. To the extent this summary can be construed as an allegation against this Defendant, denied.

35. Not known; therefore, denied.

36. Not known; therefore, denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Not known; therefore, denied.

45. Not known; therefore, denied.

46. Not known; therefore, denied.

47. Denied.

48. Not known; therefore, denied.

49. Not known; therefore, denied.

50. Not known; therefore, denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Not known; therefore, denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Not known; therefore, denied.

69.     Not known; therefore, denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied

82.     Denied.

83.     Denied.

84.     Denied.

85.     Not known; therefore, denied.

86.     Denied.

87.     Denied.

88.     Not known; therefore, denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

<u>CLAIMS FOR RELIEF</u>

**COUNT I**
**(All Plaintiffs against Centurion)**
**42 U.S.C. § 1983; Eighth Amendment**

104. Paragraphs 1-103 above are incorporated as if fully set forth herein.

105. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

106. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

107. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

108. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

109. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

110. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

111. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

112. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

113. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

114. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

115. Denied.

116. Denied.

117. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

118. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

119. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

120. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

121. This paragraph is not directed towards this Defendant and therefore no response is required. To the extent a response is required, denied.

## COUNT II
### (Plaintiff Ethel Anderson against Ader Benoit)
### 42 U.S.C. § 1983; Eighth Amendment

122. Paragraphs 1 through 49 and 89-103 above are incorporated as if fully set forth herein.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

## <u>COUNT III</u>
(Plaintiff Wanda Meadows against Ader Benoit)
42 U.S.C. § 1983; Eighth Amendment

134. Paragraphs 1 through 36, 50-60, and 89-103 above are incorporated as if fully set forth herein.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

## <u>COUNT IV</u>
### (Plaintiff Jacqueline Luongo against Ader Benoit)
### 42 U.S.C. § 1983; Eighth Amendment

145. Paragraphs 1 through 36, 61-69, and 89-103 above are incorporated as if fully set forth herein.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

## <u>COUNT V</u>
### (Plaintiff Jennifer Johnson against Ader Benoit)
### 42 U.S.C. § 1983; Eighth Amendment

157. Paragraphs 1 through 36, 70-77, and 89-102 above are incorporated as if fully set forth herein.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

## COUNT VI
### (Plaintiff Virginia Crowley against Ader Benoit)
### 42 U.S.C. § 1983; Eighth Amendment

167. Paragraphs 1 through 36 and 78-103 above are incorporated as if fully set forth herein.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

**REQUEST FOR RELIEF**

To the extent any portion of the Request for Relief can be construed as an allegation against this Defendant, it is denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint does not sufficiently allege violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. § 1983. The Complaint in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiffs have failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:

> a. This Defendant objectively subjected Plaintiff to a deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and
>
> b. This Defendant subjectively demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's health and safety; and
>
> c. This Defendant engaged in a pattern of constitutional violations.

2. Plaintiffs' Complaint is barred by the non-joinder of parties under Fed. R. Civ. P. 19.

3. This Defendant will rely upon all defenses available to them under Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. This Defendant denies that he breached any duties and denies  was negligent or violated the constitutional rights of Plaintiff in any manner. At all times, Defendant was guided by and strictly observed all the legal duties imposed upon him by the United States Constitution, Federal Statutes, and common law.

5. This Defendant is not liable for any exemplary or punitive damages under 42 U.S.C. § 1983.

6. This Defendant did not violate any of Plaintiffs' clearly established Constitutional rights of which Defendants were or should have been aware.

7. Plaintiffs' alleged injuries and/or resulting damages, did not occur as set forth in the Complaint.

8. Plaintiffs' alleged injuries and/or resulting damages, if any, are attributable to entities and/or persons other than this Defendant.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory negligence. Additionally, Plaintiffs were negligent in not

adequately informing medical staff of the alleged health condition. Any alleged damages sustained by a Plaintiff were proximately caused totally or in part by her own negligence and/or willful acts, and any recovery by such Plaintiff must therefore be diminished in whole or in part.

10. Plaintiffs Ethel Anderson, Jacqueline Luongo, and Virginia Crowley failed to timely exhaust their administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

11. Defendant is entitled to dismissal because his actions were not wanton and reckless with regard to the rights of any Plaintiff. At all times this Defendant exercised medical judgment.

12. Plaintiff's Complaint violates the appropriate statute of limitations.

13. This Defendant is entitled to qualified immunity.

14. This Defendant specifically reserves the right to add any other Affirmative and/or Special Defenses, as may become known or discovered in the course of subsequent investigation or discovery.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable as of right by a jury.

July 31st, 2024

*/s/ Peter Bartoszek*
Peter Bartoszek,
Florida Bar No. 1015519

WICKER SMITH O'HARA MCCOY &
FORD, P.A.
Attorneys for Ader Benoit, MD
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118
ORLcrtpleadings@wickersmith.com