UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ETHEL ANDERSON, WANDA
MEADOWS, JACQUELINE
LUONGO, JENNIFER JOHNSON
and VIRGINIA CROWLEY,

    Plaintiffs,

v.

                              **CASE NO.:** 5:24-CV-00089-WFJ-PRL

CENTURION OF FLORIDA, LLC, an
out-of- state corporation registered and
doing business in Florida; and ADER
BENOIT, in his individual capacity,

    Defendants.
_____/

**DEFENDANT'S SECOND AMENDED[1] UNOPPOSED MOTION TO SEAL**

Defendant, Centurion of Florida, LLC, by and through undersigned counsel, respectfully moves to file under seal certain exhibits to its' Amended[2] Motion for Summary Judgment, pursuant to the parties' Stipulated Confidentiality Order (Doc. 39) and submits as follows:

Plaintiffs have asserted claims against Centurion for purported deliberate indifference. Centurion has prepared an Amended Motion for Summary

---

[1] Amended only as to Exhibits C, H, J, L, and M and the filing of the full deposition transcripts as well as inclusion of the unredacted Amended Motion for Summary Judgment.
[2] Amended only as to Exhibits O, P, Q, R, and S and the filing of the full deposition transcripts.

Judgment in which it seeks to file exhibits in support, including: deposition transcript testimony of each of the five Plaintiffs; medical records of the Plaintiffs, redacted of protected and sensitive information; Office of the Inspector General Investigations; email correspondence between the Florida Department of Corrections ("FDC") and Plaintiffs' counsel Andrea Costello; and Third Party Grievances filed by Plaintiffs' counsel, Andrea Costello. (Exhibits C, D, E, F, G, H, I, J, K, L, M, N, T, U, and AA).

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *See id.* at 597-99; *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001).

While Centurion does not believe the aforementioned exhibits are confidential, in light of the common law right of access and implication of motions for summary judgment, Centurion also acknowledges the parties entered into a Stipulated Confidentiality Order, which imposes certain obligations upon Centurion as it pertains to the sealing of documents designated "Confidential". (Doc. 39). Since Plaintiffs and the FDC have marked the aforementioned documents as "Confidential", according to the Order, Centurion must move to file them under seal. (Doc. 39). Undersigned counsel has conferred with counsel for

Plaintiffs about removing the confidential designation, however they have indicated they wish to maintain it. Accordingly, Centurion seeks to file the entirety of these exhibits under seal.

Further, as Centurion utilizes parts of these "Confidential" documents in its Motion for Final Summary Judgment, Centurion also seeks leave to file an unredacted version of its Amended Motion for Summary Judgment under seal, pursuant to the parties Stipulated Confidentiality Order. Centurion requests these documents remain under seal indefinitely in accordance with the Stipulated Confidentiality Order.

Centurion is aware that the Florida Department of Corrections, a non-party, has an interest in establishing or maintaining the seal, as the FDC has marked some of the aforementioned exhibits as "Confidential" and the parties entered into a Stipulated Confidentiality Order with the FDC. (Doc. 39). Pursuant to Local Rule 1.11, Centurion has attached the exhibits and the unredacted Amended Motion for Final Summary Judgment to the instant Motion.

WHEREFORE, for the reasons stated above, Centurion respectfully requests this Court enter an Order granting this motion and permitting the filing of the referenced documents under seal, and for such further relief as this Court deems just and proper.

**Local Rule 3.01(g) Certification**

Undersigned counsel has conferred with counsel for Plaintiffs who advised they do not oppose this Motion or the requested relief herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide electronic notification of filing to counsel of record.

      /s/ *Rachel E. Eilers*
Ethen R. Shapiro (FBN 669881)
Ethen.Shapiro@hwhlaw.com
Rachel E. Eilers (FBN 1019587)
Rachel.Eilers@hwhlaw.com
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 – facsimile
*Attorneys for Defendant, Centurion of Florida, LLC*