# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

_____

ANDERSON, *et al.*,

      Plaintiffs,

v.                                             Case No.: 5:24-cv-00089-WFJ-PRL

CENTURION OF FLORIDA, *et al.*,

      Defendants.

_____

## PLAINTIFFS' UNOPPOSED MOTION TO SEAL

Plaintiffs, by and through undersigned counsel, pursuant to Local Rule 1.11, hereby respectfully move to seal (attached) unredacted versions of: (1) Centurion of Florida, LLC's Expert Report of Dr. Jane E. Leonardson and (2) Defendant Ader Benoit's Expert Report of Dr. Joseph Sanfilippo (Expert Reports). Plaintiffs rely on these Expert Reports for their *Daubert* Motion. (Doc. 118 at Exhibits 1 and 2.)[1] Defendants do not oppose this motion.

## Factual Background

1.    This case challenges Defendants' violations of Plaintiffs' Eighth Amendment rights based on unlawful sexual abuse by Defendant Ader Benoit during their incarceration. (Doc. 5.) Plaintiffs' claim against Centurion of Florida, LLC (Centurion) challenges a policy, practice, or custom of deliberate indifference

---

[1] Plaintiffs filed the redacted versions of these Exhibits with their *Daubert* Motion pending resolution of this Motion.

to the substantial risk of serious harm from sexual abuse during Plaintiffs' incarceration at the Lowell Correctional Institution (Lowell CI). (*Id.* at ¶¶ 3, 89-121.) This risk of harm, and actual harm, is caused by Centurion's policy, practice, and custom of deliberate indifference to sexual abuse by Defendant Benoit who sexually abused patients over the course of several years and Centurion's failure to take adequate corrective action to address the harm. (*Id.* at ¶¶ 3-4, 45-46, 58, 65, 76, 84-85, 89-121.) Plaintiffs also bring Eighth Amendment claims against Defendant Benoit for sexually assaulting them during gynecological appointments at Lowell CI.

2. Plaintiffs filed a *Daubert* Motion seeking to strike each Defendants' Expert Report on the grounds that each is inadmissible as unreliable subjective judgments about witness credibility and fail to consider or analyze relevant evidence in a manner that is helpful to the trier of fact. (Doc. 118.)

3. Defendants' Expert Reports are relevant to the issues raised in Plaintiffs' Daubert Motion and are necessary for the Court to consider the legal arguments and content of the Expert Reports to resolve the Motion.

4. Pursuant to the parties' Stipulated Confidentiality Order, Plaintiffs have designated portions of these Expert Reports as Confidential because they contain extensive protected and private health information and information from documents that the parties, including the Florida Department of Corrections, have designated Confidential. Given the extensive amount of detailed medical, social

histories, and highly personal information included in the Expert Reports, Plaintiffs also assert their privacy rights in requesting to seal the highly personal information. Plaintiffs must file unredacted versions of the Expert Reports under seal if they wish to use them in support of their *Daubert* Motion. *See* Doc. 39.

5. Plaintiffs propose that the unredacted full Expert Reports, which contain the confidential information, remain sealed indefinitely in accordance with the Stipulated Confidentiality Order.

6. Plaintiffs are not aware of any non-party who has an interest in establishing or maintaining the seal. Pursuant to Local Rule 1.11, Plaintiffs attach the full unredacted Expert Reports which contain the confidential information, to be filed under seal.

WHEREFORE, Plaintiffs respectfully request that the Court seal: (1) Centurion of Florida, LLC's Expert Report of Dr. Jane E. Leonardson and (2) Defendant Ader Benoit's Expert Report of Dr. Joseph Sanfilippo.

## Legal Memorandum

Although there is a common law right of access to judicial proceedings, that "right of access does not apply to discovery." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("[D]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access."). Even where the right of access applies, it can be "overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's

interest in keeping the information confidential.'" *Regions Bank v. Kaplan*, No. 8:16-CV-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) (quoting *Romero*, 480 F.3d at 1246).

Plaintiffs have stated good cause for sealing the Expert Reports. Since the material at issue is being used for a *Daubert* Motion, rather than a motion for summary judgment, the common law right of access does not apply. The Expert Reports also contain extensive medical and social histories that reveal highly sensitive personal and private information that could cause harm to Plaintiffs if placed in the public domain. *See e.g.*, *Pena v. Marcus*, No. 6:15-CV-69-ORL-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) (granting motion to seal medical records of plaintiff seeking damages for serious bodily injury for police use of force during execution of search warrant). For these reasons, pursuant to the Stipulated Confidentiality Order entered in this case, the Expert Report of Dr. Jane E. Leonardson and Expert Report of Dr. Joseph Sanfilippo. should be sealed.

## **Conclusion**

Based on the foregoing, Plaintiffs respectfully request that the Court permit them to file under seal: (1) Centurion of Florida, LLC's Expert Report of Dr. Jane E. Leonardson and (2) Defendant Ader Benoit's Expert Report of Dr. Joseph Sanfilippo.

## Local Rule 3.01(g) Certification

Undersigned counsel has conferred with opposing counsel by electronic mail in a good faith effort to resolve the issues raised in this motion. Defendants' counsel do not oppose this Motion to Seal.

Dated: September 19, 2025        Respectfully submitted,

By:   /s/ Andrea Costello
        Andrea Costello
        Fla. Bar No. 0532991
        Samantha Shaw
        Fla. Bar No. 109768
        Florida Legal Services
        P.O. Box 533986
        Orlando, FL 32853
        Telephone: (407) 801-0332 (direct)
        Fax: (407) 505-7327
        andrea@floridalegal.org
        samantha.shaw@floridalegal.org

        Dante P. Trevisani
        Fla. Bar No. 72912
        Erica Selig Downs
        Florida Bar No. 120581
        Florida Justice Institute, Inc.
        40 N.W. 3rd Street, Suite 200
        Miami, FL 33128
        Telephone: (305) 358-2081
        dtrevisani@floridajusticeinstitute.org
        edowns@fji.law

        **Attorneys for Plaintiffs**