**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ETHEL ANDERSON, WANDA
MEADOWS, JACQUELINE
LUONGO, JENNIFER JOHNSON
and VIRGINIA CROWLEY,

     Plaintiffs,

v.

                           **CASE NO.:** 5:24-CV-00089-WFJ-PRL

CENTURION OF FLORIDA, LLC,
et al.,

     Defendants.

_____/

## DEFENDANT'S REBUTTAL BRIEF IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT

Defendant, Centurion of Florida, LLC, ("Centurion"), by and through undersigned counsel, pursuant to this Court's Order at the November 6, 2025 hearing, hereby files this Rebuttal Brief in support of Centurion's Amended Motion for Summary Judgment (Docs. 109, 115), and states as follows:

1.     On November 6, 2025, the Court held a hearing on Centurion's Amended Motion for Summary Judgment, amongst other motions, and at the conclusion of the hearing, invited the parties to file a Rebuttal Brief for the Courts consideration.

2.     Centurion now submits the following brief in further support of a grant of summary judgment in its favor, as Plaintiffs' set forth no evidence or case

law supporting *Monell* liability in the face of unsubstantiated allegations of sexual

assault by Dr. Benoit.

## ARGUMENT

I.      **Plaintiff's Case Law Does Not Support *Monell* Liability In the Face of Unsubstantiated Allegations of a Constitutional Violation.**

At the hearing on Centurion's Motion for Final Summary Judgment,

Plaintiffs' submitted case law they contend supports their argument that § 1983

*Monell* liability may be imposed on a municipality  based only on unsubstantiated

allegations of a constitutional violation. Upon detailed review of Plaintiffs' cases,

Centurion submits that none of the cited cases stand for this proposition. On the

contrary, *Brooks v. Scheib,* 813 F.2d 1191, 1193 (11th Cir.1987) and its progeny of

cases remain the controlling law upon which this Court should grant summary

judgment in favor of Centurion.

Centurion will address Plaintiffs' cited cases[1] in turn.

        a.      ***Sconiers v. Lockhart*, 946 F. 3d 1256, 1263-67 (11th Cir. 2020) and *Harris v. Singletary*, No. 3:22-cv-449-MMH-LLL, 2024 WL 3252797, (M.D. Fla. June 28, 2024) are not § 1983 *Monell* Claims.**

---

[1] Several of Plaintiffs' cited cases are not applicable to the instant claim and do not involve the summary judgment standard on a § 1983 *Monell* claim, therefore, for efficacy, they are not analyzed in this Brief: *Brown v. City of Fort Lauderdale*, 923 F.2d 1474 (11th Cir. 1991) (motion to dismiss on *Monell* claim); *DeJesus v. Lewis*, 14 F.4th 1182 (11th Cir. 2021) (Not a *Monell* claim); *Hanson v. Florida Department of Corrections*, No. 5:25-cv-21-KKM-PRL, 2025 WL 2531484 (M.D. Fla. Sept. 3, 2025) (motion to dismiss on *Monell* claim); *Hoefling v. City of Miami*, 811 F.3d 1271 (11th Cir. 2016)( motion to dismiss on *Monell* claim); *Hope v. Pelzer*, 240 F.3d 975 (11th Cir, 2001)(Not a *Monell* claim); *G.H. by and through Henry v. Marstiller*, 424 F. Supp.3d 1109, 1117-1118 (N.D. Fla. 2019)(motion to dismiss on *Monell* claim).

To begin, Plaintiffs' reliance upon *Sconiers* and *Harris* is misplaced as both *Sconiers* and *Harris* do not involve § 1983 claims for *Monell* liability against a municipality. Rather, both cases involve § 1983 claims against individual officers and/or medical staff. In both cases, the court noted that there remained a triable issue on the plaintiff's constitutional claims against the individual offer or medical staff based upon the "competing narratives" of the parties, creating an issue of credibility to be decided by the jury. *Sconiers*, 946 F. 3d at 1263-67; *Harris,* 2024 WL 3252797 at *9. Neither *Sconiers* nor *Harris* involve a § 1983 *Monell* claim against an entity and neither court makes any findings concerning the standard for imposing municipality liability

### b.    *DeSimone v. Flagler County*, 682 F. Supp. 3d 1085 (M.D. Fla. 2023).

Next, Plaintiffs' reliance upon *DeSimone* is also unpersuasive. In *DeSimone*, a former inmate brought Eighth and Fourteenth Amendment claims under § 1983 against the county, amongst others, stemming from a sexual assault by corrections officers. The court in *DeSimone* denied summary judgment based upon a triable issue as to whether the county had an unconstitutional policy and practice of continuing to operate a system of surveillance security cameras with blind spots and deficiencies, despite being placed on notice that these blind spots created an opportunity for sexual misconduct by corrections officers. *DeSimone*, 682 F. Supp. 3d at 1096-97. The *DeSimone* court noted that it was <u>undisputed</u> by the parties that the plaintiff was sexually assaulted and the record demonstrated that the

county director was notified of a deficiency with the cameras and failed to correct the problem. (*Id.*) Thus, there remained an issue for the jury as to whether the county's decision not to correct the substantiated deficiencies constituted deliberate indifference, and on causation, whether a reasonable jury could infer that "but for the blind spot, [defendant] would not have sexually assaulted [plaintiff]." (*Id.*)

Notably, *DeSimone* does not involve reports of problems or deficiencies that were investigated and unsubstantiated. Rather, the evidence in *DeSimone* was that the county had notice of an <u>actual</u> deficiency/substantiated problem, not merely a suspected one, to which they failed to correct, leading to a triable issue on indifference and causation of the plaintiff's injuries.

### c.    *Anderson v. City of Atlanta*, 778 F.2d 678 (11th Cir. 1985).

Likewise, the Eleventh Circuit's findings in *Anderson* are inapplicable to the instant claim. At the outset, *Anderson* was decided two years prior to *Brooks v. Scheib,* 813 F.2d 1191, 1193 (11th Cir.1987). Nonetheless, both cases involve differing factual circumstances and consequently, differing legal findings.

In *Anderson*, the Eleventh Circuit reversed the grant of a new trial, and upheld the jury's finding of § 1983 municipality liability against the city, finding that the evidence supported a pattern of practice of understaffing that led to the death of inmate Anderson. *Anderson*, 778 F.2d at 685-86. The Eleventh Circuit noted that the testimony of several officers established that understaffing was a

-4-

persistent <u>problem</u> and that the understaffing complaints had been lodged with their supervisors. (*Id.*) The court also opined there was sufficient evidence for the jury to find a link between that policy of allowing understaffing and the death of Anderson. (*Id.*)

Like *DeSimone*, *Anderson* involved an actual <u>problem</u> that the municipality was notified of and in turn failed to correct. *Anderson* does not involve complaints of understaffing that were investigated and ultimately determined to be unsubstantiated. Accordingly, *Anderson* is consistent with the later decision in *Brooks,* which require evidence of a substantiated problem or practice and prior actual notice.

### d.     *Herr v. Armor Correctional Health Services, Inc.*, 494 F.Supp 3d 1197 (M.D. Fla. 2020).

Further, Plaintiffs cite to *Herr*, in which summary judgment was denied for the defendant correctional healthcare entity on a § 1983 *Monell* claim. *Herr*, 494 F.Supp 3d at 1203-04. In *Herr*, the court opined that sufficient evidence existed as to whether the entity had "widespread" custom or practice of inadequate medical care, particularly for intake screening, leading to the inmate's death. The court cited to the testimony from nursing staff corroborating substantiated "evidence of widespread <u>violations</u> of written policies" in conjunction with "sixteen other incidents of insufficient medical care within a few years of Herrs death" as sufficient evidence of a "widespread" custom to survive summary judgment. (*Id.*)

Accordingly, the *Herr* court did not opine that the existence of sixteen other incidents, alone, was sufficient to find municipal liability. Rather, the *Herr* court concluded that evidence of pattern of actual policy <u>violations</u> by medical staff, in conjunction with sixteen instances of inadequate care <u>occurring closely in time to plaintiff's incident</u>, arose to evidence of a pattern or widespread practice sufficient to survive summary judgment. Notably, *Herr* did not involve reports of policy violations or inadequate medical care that were investigated and determined to be unsubstantiated.

### e.      *Franklin v. Tatum*, 627 Fed. Appx. 761 (11th Cir. 2015)

Additionally, in *Franklin*, the Eleventh Circuit reversed a summary judgment grant on a § 1983 claim for supervisory liability against the Liberty County Sherriff based upon the acts of the jail administrator. *Franklin,* 627 Fed. Appx. at 765-66**.** The evidence demonstrated that the jail administrator was an official/final policymaker for the jail and was placed on notice of the officer's criminal behavior[2] but took no investigatory or supervisory actions. (*Id.*) The Eleventh Circuit noted that "[s]upervisory liability under § 1983 occurs….. when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." (*Id.*)(citing *Matthews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007). Thus, the Eleventh Circuit opined there to be enough evidence to support a triable issue as to whether the administrator's notice of criminal behavior and failure to act caused the plaintiff to be sexually assaulted.

---

[2] The officer was criminally charged for the assaults.

In contrast to *Franklin*, <u>all</u> allegations of sexual assault against Dr. Benoit were investigated, and there was never a substantiated finding of criminal behavior. Centurion also had a known practice and procedure of supervising Dr. Benoit, through the requirement that a female nursing chaperone be present in the room during all gynecological examinations. As such, there is no causal connection between any act of a Centurion "supervising official" and Plaintiffs' constitutional deprivation as to support a § 1983 claim for supervisory liability.

### f.    *Love v. Lee Memorial Health System*, Case No: 2:20-cv-379-JES-MRM, 2022 WL 19653 (M.D. Fla. Jan, 3, 2022)

Finally, *Love* is easily distinguishable from the instant case. In *Love*, the court denied summary judgment for the municipality in light of sufficient evidence that the municipality had policies of inadequate supervision and inadequate investigation regarding sexual abuse. *Love,* 2022 WL 19653 at *1.  Namely, the Court acknowledged that the parties <u>conceded</u> that a sexual assault occurred and therefore the remaining evidence that the hospital failed to thoroughly investigate the sexual assault allegations made against a specific nurse and failed to train or supervise him, supported a triable issue on the plaintiff's *Monell* claim. *Id.* at *5.

Contrary to Plaintiffs' contention, the court in *Love* did not opine that the entity must conduct its own investigation and that reliance upon the investigation of a third party is insufficient. Rather, the decision found that evidence of reliance upon an objectively cursory investigation, amounting to no real investigation at all, in conjunction with a lack of training and supervision of providers, could give rise

to a disputed fact on a *Monell* claim, *if* such actions led to the constitutional violation.

Here, it is indisputable that all of the allegations against Dr. Benoit were thoroughly investigated by the OIG and determined to be unsubstantiated or unfounded. It is also clear that Centurion had a number of practices to minimize the risk of sexual assault during gynecologic exams including: 1) the requirement that a female chaperone to be in the room during gynecological examinations; 2) a procedure for reporting and investigating PREA complaints; and 3) and the requirement that its providers undergo yearly PREA training. Plaintiffs do not allege that the OIG conducted insufficient investigations of any of these allegations and they fail to demonstrate how an independent investigation by Centurion would have resulted in a different finding, or how any further measures would have resulted in a different outcome. *Doe v. Miami Dade County,* 797 F.Supp.2d at 1310-11 (11th Cir. 2011).

> **g.      Remaining Cases Do Not Defeat Precedence set by *Brooks*.**

Plaintiffs' remaining cases resemble those previously discussed but do not combat the clear precedence set forth in *Brooks v. Scheib,* 813 F.2d 1191, 1193 (11th Cir.1987) and the reality that *Monell* liability cannot be imposed in the face of a history of <u>unsubstantiated</u> allegations of a constitutional violation.[3]

---

[3] *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1311 (11th Cir. 2001)(Judgment affirmed on §1 983 claim that city had custom or practice of ignoring or tolerating gross sexual harassment because evidence demonstrated city never investigated any allegations of sexual harassment by officers; no records were kept of complaints; no one was ever questioned or disciplined; and there was no training on sexual harassment.); *Depew v. City of St. Mary's Georgia*, 787 F.2d 1496, 1499(11th Cir. 1986)(jury judgment affirmed on 1983 claim against city for failure to rectify and prevent known constitutional violations of police force through the use of unreasonable and excessive force by

## II.   *Brooks* Remains as Controlling Precedent and Binding Law.

At the hearing, this Court requested confirmation as to whether *Brooks* was still the controlling law in this Circuit. In addition to the many cases cited in Centurion's Motion for Summary Judgment and corresponding Reply, several courts have relied upon the precedent set forth in *Brooks* and reiterated the necessity for validated and meritorious past complaints to impute municipal liability. *See, Buress v. City of Miami*, 20-23078-Civ-Scola, 2025 WL 1231951 at *4-5 (S.D. Fla. April 29, 2025)(reversal of summary judgment denial for city where the court improperly relied upon twenty complaints against the city absent evidence of their merit.); s*ee also, Clarke v. Phelan*, No. 16-25217-Civ-Scola, 2018 WL 987260 at *8 (S.D. Fla. Feb. 20, 2018) (no evidence that excessive force claims against defendants had any merit as investigations returned unfounded or not sustained and the existence of prior complaints was insufficient evidence of a custom or policy, "especially where the City indeed has policies and procedures in place regarding internal affairs investigations and complaints...."); *Pellegrino v. Wengert,* No. 15-cv-60535-BLOOM/Valle, 2016 WL 3690047 at *5-9 (S.D. Fla. July 12, 2016)(grant of summary judgment where "[t]he only record evidence before this

---

officers. City's rules and regulations were violated on numerous occasions. "The continued failure of the city to prevent known constitutional violations by its police force is precisely the type of informal policy or custom that is actionable under Section 1983."); *Kaether v. Armor Correctional Health Services, Inc.*, No. 16-62950-CIV-ZLOCH/HUNT, 2018 WL 1981133 at *6, (S.D. Fla. 2018)(denial of summary judgment based upon post incident evidence of several inmate deaths stemming from denial of medical care); *Thomas v. Bryant*, 614 F. 3d 1288 (11th Cir. 2010)(upholding grant of declaratory judgment on Eighth Amendment claim against FDOC for disregarding the risk to plaintiff of causing psychological harm by using chemical agents on inmates with mental illness despite repeated notice from the Correctional Medical Authority Reports and failure to adopt their recommendation.)

Court consists of unsubstantiated complaints against one deputy within a 5,300 person agency....Plaintiffs have not met their burden of demonstrating that there is a widespread custom or ratification of excessive force."); *Blanchard v. City of Birmingham*, No. CV–10–BE–2250–S, 2013 WL 169285 at*3 (N.D. Ala. Jan. 15, 2013)(finding presentation of evidence about unsustained reports of excessive force regarding officers does not establish a pattern and practice of the department.) *Buckler v. Israel*, 680 Fed.Appx. 831, 835-36 (11th Cir. 2017)(citing to *Brooks,* 813 F.2d at (upholding summary judgment where evidence of 8 lawsuits against county, without admissions of liability, did not put county on notice of any pattern of constitutional violations and there was no evidence of sustained instances of excessive force or other misconduct where the county failed to take corrective action).

As this case law confirms, the Eleventh Circuit's findings in *Brooks* are current and binding law. As such, summary judgment is warranted for Centurion as "[i]t would be perverse to require that courts exclude allegations of past wrongdoing in order to protect the rights of defendants, while at the same time demanding that police officials give credence to <u>unsubstantiated</u> complaints against individual police officers." *Brooks*, 813 F.2d at 1194.

For these reasons, and the reasons articulated at the November 6, 2025 hearing, and within Centurion's Amended Motion for Summary Judgment and correspondence Reply, Centurion submits that summary judgment in its favor is necessary and warranted.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 14, 2025, I certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record.

<u>        /s/ *Rachel E. Eilers*        </u>
Ethen R. Shapiro (FBN 669881)
Rachel E. Eilers (FBN 1019587)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 – facsimile
Ethen.Shapiro@hwhlaw.com
Rachel.Eilers@hwhlaw.com
*Attorneys for Defendant Centurion of Florida, LLC*
