UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ETHEL ANDERSON, et al.,**

    **Plaintiffs,**

v.                                                                             Case No: 5:24-cv-89-WFJ-PRL

**CENTURION OF FLORIDA LLC,**
**et al.,**

    **Defendants.**

### ORDER

THIS CAUSE is before the Court on the Defendant Dr. Ader Benoit's ("Dr. Benoit") Motion for Summary Judgment. (Doc. 100).[1] Plaintiffs filed a Response in Opposition. (Doc. 131).[2] Dr. Benoit filed a Reply in Further Support of his Motion for Summary Judgment. (Doc. 157). On November 6, 2025, these, and other pending motions, were addressed at an in-person hearing. *See* Doc. 158. Dr. Benoit also filed a Rebuttal Regarding Various Motions Following Omnibus Hearing. (Doc. 161). After careful consideration, the Court denies, in part, and grants, in part, Defendant Dr. Benoit's Motion for Summary Judgment.

### BACKGROUND

Plaintiffs Ethel Anderson, Wanda Meadows, Jacqueline Luongo, Jennifer

---

[1] The docket reflects that Dr. Benoit also filed a Sealed Motion for Summary Judgment. (Doc. 106).

[2] The docket reflects that Plaintiffs also filed a Sealed Response in Opposition. (Doc. 154).

Johnson, and Virginia Crowley, former and current inmates in the custody of the Florida Department of Corrections, initiated this action on February 23, 2024, by filing a complaint under 42 U.S.C. § 1983 against Defendants Centurion of Florida LLC ("Centurion") and Dr. Benoit. (Doc. 1). Plaintiffs subsequently filed an Amended Complaint on March 13, 2024. (Doc. 5). Plaintiffs generally alleged violations of their Eighth Amendment rights stemming from sexual assaults by Dr. Benoit during scheduled gynecological appointments while they were incarcerated at Lowell Correctional Institution ("Lowell CI"). (Doc. 5 at 1). Plaintiffs claim that Centurion, the Florida Department of Corrections' contracted medical provider at Lowell CI, has an unlawful policy, practice, and custom of failing to protect Plaintiffs and other patients through deliberate indifference to a substantial risk of serious harm from sexual assault. *Id.* at 2. The Amended Complaint raises six claims for relief: (1) Eighth Amendment claim by all Plaintiffs against Centurion; (2) Eighth Amendment claim by Ethel Anderson against Dr. Benoit; (3) Eighth Amendment claim by Wanda Meadows against Dr. Benoit; (4) Eighth Amendment claim by Jacqueline Luongo against Dr. Benoit; (5) Eighth Amendment claim by Jennifer Johnson against Dr. Benoit; and (6) Eighth Amendment claim by Virginia Crowley against Dr. Benoit. (Doc. 5 at 30–43).

Dr. Benoit moved to dismiss Counts 2, 4, and 6 for failure to exhaust administrative remedies. (Doc. 24).[3] By Order dated July 17, 2024, Dr. Benoit's

---

[3] Centurion moved to dismiss the First Amended Complaint for failure to state a claim. (Doc. 23).

motion to dismiss was denied. (Doc. 31). Dr. Benoit filed his answer and affirmative defenses on July 31, 2024. (Doc. 35). On September 5, 2025, Dr. Benoit moved for summary judgment. (Doc. 100). The motion is ripe for review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the non-moving party's favor. *Id.* Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[T]he proper inquiry on summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Stitzel v. N.Y. Life Ins. Co.*, 361 F. App'x 20, 22 (11th Cir. 2009) (quoting *Anderson*, 477 U.S. at 251–52). Put another way, a motion for summary judgment should be denied only "[i]f reasonable minds could differ on the inferences arising from undisputed [material] facts." *Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1267 (11th Cir. 2016) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)).

## DISCUSSION[4]

### I. Defendant Dr. Benoit's Motion for Summary Judgment

---

[4] For resolving a summary judgment motion, the Court ordinarily presents the facts in the light most favorable to the non-moving party. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).

Dr. Benoit asks the Court to rule in his favor on all of Plaintiffs' claims based on (1) Jennifer Johnson's identification of the doctor that assaulted her as white, when Dr. Benoit is a black man; (2) the remaining Plaintiffs' allegations could not have occurred in the presence of a female chaperone who ignored the assaults; (3) the Plaintiffs' lack of evidence to prove the acts were for Dr. Benoit's own sexual gratification, or of the purpose of humiliating, degrading, or demeaning them; and (4) Ms. Anderson's claim relating to the 2019 event being time-barred. (Doc. 106). The Court addresses each argument below.

### A. Ms. Johnson's Claim

Based on the undisputed facts, the Court finds that Ms. Johnson's claim of sexual abuse, with all factual inferences drawn in her favor, presents a genuine issue for trial.

"[T]he 'sexual assault' of a prisoner by a prison official in violation of the Eighth Amendment occurs when the prison official, acting under color of law and without legitimate penological justification, engages in a sexual act with the prisoner, and that act was for the official's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *DeJesus v. Lewis*, 14 F.4th 1182, 1196 (11th Cir. 2021). "At a minimum, those sexual acts include intentional sexualized touching underneath clothing, such as fondling or penetration; coerced sexual activity; combinations of ongoing harassment and abuse; and exchanges of sexual activity for special treatment or to avoid discipline." *Id*. The sexual assault of a prisoner has no legitimate purpose and "is simply not part of the penalty that criminal offenders pay

5

for their offenses against society." *Sconiers v. Lockhart*, 946 F.3d 1256, 1266 (11th Cir. 2020) (quoting *Graham v. Sheriff of Logan Cty.*, 741 F.3d 1118, 1122–23 (10th Cir. 2013). These elements satisfy the subjective and objective components of deliberate indifference under the Eighth Amendment. *Sconiers*, 946 F.3d at 1259, 1266 (finding sexual assault can never serve any legitimate purpose). Thus, when the sexual assault occurs, it is necessarily constitutionally excessive in violation of the Eighth Amendment. *DeJesus*, 14 F.4th at 1199.

In the Amended Complaint, Ms. Johnson describes a medical exam with Dr. Benoit in 2020, where he sexually assaulted her and made sexualized comments. *See* Doc. 5 at 19–22. Ms. Johnson provided interrogatory responses describing the same encounter. (Doc. 154-11). During her deposition, Ms. Johnson again described the encounter. (Doc. 106-4 at 54–71). Towards the end of the deposition, Ms. Johnson mentioned a second doctor at the prison and identified him as black and Dr. Benoit as white. *Id.* at 82–83. Following the deposition, Ms. Johnson filed an errata sheet wherein she sought to clarify her identification of Dr. Benoit as white. *See* Doc. 107 at 3. Ms. Johnson claimed she was confused due to disability and trauma, and wanted to the testimony to reflect that she did not remember the race of Dr. Benoit. *Id.* She further claimed that she had confused Dr. Benoit's appearance with that of another prison provider, Dr. Rodriguez. (Doc. 154-1 at 6–7).

Defendant also claims that there is no record in her file that Ms. Johnson ever actually saw Dr. Benoit. (Doc. 106 at 6). Plaintiffs note that discovery has revealed that there were omissions and errors in Centurion's medical records. (Doc. 154-1 at

7).

When competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). Because a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, this Court cannot grant summary judgment. *Allen v. Bd. of Pub. Educ. for Bibb Cty.,* 495 F.3d 1306, 1315 (11th Cir. 2007). A jury should decide which of Ms. Johnson's statements is more credible.

### B. The Remaining Plaintiffs

*Chaperones*

Dr. Benoit claims that a reasonable juror would not believe the remaining Plaintiffs' allegations because a female chaperone was in the room while the alleged acts occurred. (Doc. 106 at 14). He further claims that the allegations are "so bizarre" and "so outrageous" that no reasonable juror could believe that they took place without the chaperone noticing. *Id.*

Plaintiffs claim that the presence of chaperones does not prevent all incidents of sexual misconduct. (Doc. 121-1 at 7). Plaintiffs agree that a female Centurion employee was typically inside the room during the appointment, but they dispute that these employees were trained "chaperones." (Doc. 154 at 16). Centurion provided no training on how to chaperone a gynecological exam. *Id.* at 16 (citations omitted). Not all chaperones had the medical knowledge or training to determine whether Dr.

7

Benoit's conduct was appropriate. *Id*. Specifically, one assistant was a record clerk with no medical training. *Id*. The chaperones were not always paying attention or left the exam room after Dr. Benoit entered. (Doc. 100-5 at 74–75).

When competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. *See Feliciano*, 707 F.3d at 1247. Because a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, this Court cannot grant summary judgment. *Allen,* 495 F.3d at 1315.

### *Sexual Gratification, or for the Purpose of Humiliating, Degrading, or Demeaning*

Dr. Benoit claims he is entitled to summary judgment because Plaintiffs have "no competent evidence to prove the second part of their sexual assault under 42 U.S.C. 1983 claim: that the acts were for the official's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." (Doc. 106 at 16). In response, Plaintiffs describe Dr. Benoit's actions and the statements he made during the encounters. *See* Doc. 154 at 5–9. This evidence presents a sufficient disagreement to require submission to a jury. *Stitzel*, 361 F. App'x at 22.

### *Statute of Limitations*

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 in Florida is four years. *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011). A statute of limitations begins to run when "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Hipp v. Liberty*

8

*Nat'l Ins. Co.,* 252 F.3d 1208, 1222 (11th Cir. 2001) (quotation marks and citations omitted).

The continuing violation doctrine "is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Id.* (quotation marks and citations omitted). The Eleventh Circuit has stated that it has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Center for Biological Diversity v. Hamilton,* 453 F.3d 1331, 1335 (11th Cir. 2006) (internal citations omitted). Accordingly, "[i]f an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine ...." *Hipp,* 252 F.3d at 1222. A continuing violation is also "a single violation of an ongoing nature," not a "a series of repeated violations that result in related harms." *Doe ex rel. Doe #6 v. Swearingen*, 51 F.4th 1295, 1306 (11th Cir. 2022) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). When "a defendant takes separate and discrete acts that repeatedly violate the law, the continuing violation doctrine does not apply." *Id.* (citing *Knight v. Columbus*, 19 F.3d 579, 580–82 (11th Cir. 1994)).

Here, Ms. Anderson alleges that Dr. Benoit sexually assaulted her at two appointments: February 1, 2019, and March 13, 2020. *See* Doc. 5 at 11; Doc. 154-1 at 13–14. Because the alleged assaults were "separate and discrete acts," the continuing violation doctrine does not apply. Thus, the February 1, 2019 appointment falls

outside of the statute of limitations and is time-barred.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Dr. Benoit's Motion for Summary Judgment (Doc. 100) is **DENIED**, in part, and **GRANTED**, in part. The Motion is only granted to the extent that Plaintiff Anderson's claim related to the February 1, 2019 appointment is time-barred.

**DONE** and **ORDERED** at Tampa, Florida, on January 15, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of Record