# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ETHEL ANDERSON, et al.,**

      **Plaintiffs,**

**v.**                                 **Case No: 5:24-cv-89-WFJ-PRL**

**CENTURION OF FLORIDA LLC,**
**et al.,**

      **Defendants.**

---

## <u>ORDER</u>

This matter comes before the Court on Defendant Dr. Ader Benoit's Motion to Strike Errata of Jennifer Johnson (Docs. 101 and 107), Plaintiffs' Response (Doc. 123), and Dr. Benoit's Rebuttal (Doc. 161). Also pending are Plaintiffs' Opposed *Daubert* Motion to Exclude Expert Testimony of Drs. Jane E. Leonardson and Joseph Sanfillippo (Docs. 118 and 124), Defendant Centurion of Florida LLC's Response in Opposition (Doc. 127), Dr. Benoit's Response in Opposition (Doc. 128), Plaintiffs' Reply (Doc. 155), Defendant Dr. Benoit's Motion to Exclude Opinions of Dr. Noah Nattell under *Daubert* and Fed. R. Evid. 702 (Doc. 120), Plaintiffs' Response in Opposition (Doc. 125), and Dr. Benoit's Reply (Doc. 156). Upon careful review of the record and the arguments presented at the November 6, 2025 hearing, the Court denies the motions.

# DISCUSSION

## A. Motion to Strike Errata

Rule 30(e)(1), Fed. R. Civ. P., permits a deponent to review the transcript and, if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. At the outset, the Court notes that the Eleventh Circuit has not yet determined whether substantive changes are permitted under Rule 30(e)(1). Some district courts in the Eleventh Circuit have adopted a broad reading of the rule. *See Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009); *United Subcontractors, Inc. v. Darsey*, No. 13-cv-603, 2013 WL 5770559, at *2 (M.D. Fla. Oct. 24, 2013). On the other hand, the Eleventh Circuit has affirmed a district court that applied the stricter test but did not explicitly endorse it. *See Reynolds v. IBM*, 125 F. App'x 982 (11th Cir. 2004).

This Court will adopt the broad view and permit Ms. Johnson's substantive changes. *See Lee–Bolton v. Koppers Inc.*, No. 1:10-cv-253-MCR-GRJ, 2015 WL 11111046, at *2 (N.D. Fla. June 15, 2015). "[S]afeguards are available to prevent against possible abuse or prejudice stemming from Rule 30(e) modifications," including reading the original answers—which remain a part of the record—at trial and reopening the deposition to confront the changes. *Id.* (citing *Unlimited Res. Inc. v. Deployed Res., LLC*, No. 3:07-CV-961-J-25MCR, 2010 WL 55623, at *3 (M.D. Fla. Jan. 5, 2010); *see also Alabama Aircraft Industrs., Inc. v. Boeing Co.*, No. 2:11-cv-03577-RDP, 2017 WL 4570829, at *4 (N.D. Ala. May 22, 2017) (finding that defendant would "not

be unduly prejudiced by permitting the changes in testimony as it [would] be able to cross examine [the deponent] about his testimony and inconsistencies at trial," and recommending that defendant be entitled to reopen deponent's deposition to question him only about his corrections). Accordingly, Defendant Dr. Benoit's Motion (Docs. 101 and 107) is **DENIED**.

### B. *Daubert* Motions

"*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In carrying out this role pursuant to Federal Rule of Evidence 702, trial courts consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted). Notwithstanding the foregoing, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert*, 509 U.S. at 595, and courts should not elevate themselves "to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul—separating the saved from the damned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1321 (11th Cir. 1999) (citations and internal quotations omitted).

A strict inquiry of this nature "would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury." *Id.*

## I. *Daubert* Requirement One – Expertise to Testify

The qualifications inquiry "is not stringent [ ] so long as the expert is minimally qualified [and] objections to the level of the expert's expertise go to credibility and weight, not admissibility." *Feliciano v. City of Miami Beach*, 844 F. Supp. 2d 1258, 1262 (S.D. Fla. 2012) (citations and internal quotations omitted). The parties do not appear to challenge the expertise of their opponents' experts. *See* Docs. 118, 120. Accordingly, the Court finds that the witnesses are qualified to testify competently.

## II. *Daubert* Requirement Two – Reliability

"Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." *Frazier*, 387 F.3d at 1262 (citation omitted). Case law provides, within the context of scientific experts, non-exhaustive factors a district court may consider. *See Seamon v. Remington Arms Co., LLC*, 813 F.3d 983, 988 (11th Cir. 2016). But the most important test of an experience-qualified non-scientific expert's reliability is that "the expert must be able to explain how his experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Blessing v. Williams*, No. 3:19-CV-731-TJC-MCR, 2022 WL 4182534, at *16 (M.D. Fla. Sept. 13, 2022) (citation and internal quotations omitted).

Here, the reports appear to be reliable under the guidance provided in *Frazier*. The experts rely on their experience and this case's evidentiary record. Any alleged shortcomings in the experts' testimony and reports can be appropriately addressed at trial. *See Daubert*, 509 U.S. at 596.

### III. *Daubert* Requirement Three–Assisting the Trier of Fact

Expert testimony is admissible if it concerns matters that are beyond the understanding of the average layperson. *See United States v. Rouco,* 765 F.2d 983, 995 (11th Cir. 1985) (expert testimony admissible if it offers something "beyond the understanding and experience of the average citizen"). At the hearing, the Court was clear that Dr. Nattell would not be permitted to testify about his beliefs about "men in power" and how those opinions may impact this case. However, regarding the admissibility of expert witnesses' remaining testimony, the Court will entertain more specific motions and objections closer to trial and with the aid of a live witness.

### CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Dr. Ader Benoit's Motion to Strike Errata of Jennifer Johnson (Docs. 101 and 107) are **DENIED**.

2. Plaintiff's Opposed *Daubert* Motion to Exclude Expert Testimony of Drs. Jane E. Leonardson and Joseph Sanfillippo (Docs. 118 and 124) are **DENIED**.

3.  Defendant Dr. Benoit's Motion to Exclude Opinions of Dr. Noah Nattell

    under *Daubert* and Fed. R. Evid. 702 (Doc. 120) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, on January 16, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**Copies furnished to:**</u>
Counsel of Record